IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CORNELIUS DEVON OLIVER,**

      **Petitioner,**

   v.          CASE NO. 13-3192-SAC

**SAM CLINE, Warden, et al.,**

      **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss. For the reasons that follow, the court grants the motion and dismisses the petition as time-barred.

**Background**

Petitioner was convicted of two counts of first-degree, premeditated murder in violation of K.S.A. 21-3401(a) and two counts of first-degree felony murder in violation of K.S.A. 21-3401(b). He was sentenced to two consecutive terms of life without the possibility of parole for 50 years, and two consecutive terms of life without the possibility of parole for 20 years.

The Kansas Supreme Court affirmed the convictions on December 16, 2005. *State v. Oliver*, 124 P.3d 493 (Kan. 2005). The United States Supreme Court denied certiorari on June 5, 2006. *Oliver v. Kansas*, 547 U.S. 1183 (2006). The one-year limitation period for seeking a federal writ of habeas corpus began to run.

On June 1, 2007, petitioner presented a state post-conviction action to the District Court of Sedgwick County, Kansas. However, the

motion was returned unfiled due to petitioner's failure to provide certain documentation to support his application to proceed in forma pauperis. On July 5, 2007, petitioner refiled the motion with the proper documents.

The state district court denied relief on October 5, 2007, ruling that the matter was not timely. The Kansas Court of Appeals (KCOA) remanded the matter on July 14, 2008, for a determination whether petitioner had received ineffective assistance of counsel.

On September 11, 2008, the district court found petitioner had been denied his state statutory right to effective assistance of counsel because counsel had failed to explain the late filing of the motion. The court concluded, "These facts, had they been presented to the Court at the October 5 hearing on the motion, could have altered the Court's conclusion that no manifest injustice existed to justify extending the time limitation on Mr. Oliver's motion." (Attachment 4, p. 3.) The court concluded the motion was timely filed, but on April 8, 2011, the court denied relief on the merits of petitioner's claims.

The KCOA affirmed the denial on May 24, 2013. *Oliver v. State*, No. 87,191, 2013 WL 2395273 (Kan.App. May 24, 2013)(unpublished order). The Kansas Supreme Court denied review on October 29, 2013.

Petitioner commenced this matter on November 6, 2013.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established, in part, a one-year limitation period for filing a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1), *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

The one-year limitation period runs from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Unless an applicant alleges facts that implicate subsections (B), (C), or (D), the limitation period ordinarily begins to run on the date the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

*Tolling*

The limitation period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). An application for post-conviction relief is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings…. for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003)(citing *Artuz v. Bennett*, 531 U.S. 4,8 (2000)).

Also, in appropriate circumstances, the limitation period may be subject to equitable tolling. Such tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Otherwise, a petitioner may avoid the time bar of the one-year period only by a showing of actual innocence. *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1931 (2013).

In petitioner's case, the limitation period began to run following the United States Supreme Court's denial of his petition for certiorari on June 5, 2006. Unless tolling is available, the limitation period expired on June 5, 2007.

Petitioner re-filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 on July 5, 2007. As noted, the state district court dismissed the matter as untimely. Petitioner successfully pursued an appeal from the dismissal, and, upon remand, the district court found that he had been denied effective assistance of counsel. However, the state district court denied relief on the merits, and petitioner's appeal was denied. *Oliver v. State*, No. 87,191, 2013 WL 2395273 (Kan.App. May 24, 2013)(unpublished opinion). The Kansas Supreme Court denied review on October 29, 2013.

As respondents note, the present record allows two interpretations: first, that petitioner's initial attempt to file

under K.S.A. 60-1507 was improper because it was rejected by the state district court, and second, that upon the determination that petitioner received ineffective assistance of counsel, the motion was deemed timely as of the initial submission to the state district court.

Under the first reading, petitioner's initial attempt to file a post-conviction motion did not result in a properly-filed action, and therefore, the filing did not toll the statutory limitation period. The present action therefore is time-barred.

Under the second reading, the state court extended the time for filing and petitioner's motion under K.S.A. 60-1507 was timely filed as of June 1, 2007. In this scenario, the one-year limitation period was tolled after 361 days had run. Upon the denial of review by the Kansas Supreme Court on October 29, 2013, the limitation period again began to run, and it expired four days later, on November 2, 2013. Because the present action was not filed until November 6, 2013, it is time-barred.

Petitioner's response to the motion to dismiss seeks equitable tolling based upon the ineffective assistance of his post-conviction counsel. However, after a careful consideration of the record, the court finds such tolling is not warranted. First, the record does not support a finding that petitioner diligently pursued relief. Rather, nearly the full limitation period ran before petitioner filed his action for post-conviction relief.

Next, the assertion of ineffective assistance of post-conviction fails to provide a ground for equitable tolling because counsel had

no part in the late filing of petitioner's post-conviction action. Rather, counsel was appointed after that filing. And, while the state court determined there had been ineffective assistance of counsel, the error identified was the failure to argue that avoiding manifest injustice was a sufficient basis to excuse the late filing. That error was corrected by the state court's subsequent treatment of the state action as timely. However, as stated, even that determination does not render the current action timely because petitioner failed to file his petition within the few days remaining. Accordingly, the court finds no extraordinary circumstances here that warrant equitable tolling and will dismiss this matter as time-barred.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 6) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 25th day of April, 2014, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge